UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MIGUEL M. F.,

          Petitioner,

      v.

TONYA ANDREWS,

          Respondent.

No. 1:26-cv-04901-TLN-AC

A# 216-319-624

**ORDER**

This matter is before the Court on Petitioner Miguel M.F.[1]'s ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2).  Respondent filed an opposition.  (ECF No. 9.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED and his motion for TRO is DENIED as moot.

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[2]

The instant action arises from Petitioner's arrest and detention by immigration authorities without notice or a hearing.  (*See* ECF No. 1.)  Petitioner is an immigration detainee held at Golden State Annex Detention Facility.  (*Id.*)  He was previously arrested at the U.S.-Mexico border and allowed to voluntarily depart four times between November 15, 1999 and November 27, 1999.  (ECF No. 9 at 12.)  He re-entered the United States at an unknown time and place.  There is no dispute that he has lived in this country for decades.  Petitioner emphasizes the impact that his detention has had on his family, for whom he is the "main financial support," telling the Court that the process has been "devastating" for them.  (ECF No. 1 at 28.)

In 2021, Petitioner was convicted of a misdemeanor under California Penal Code § 647(B)(2) for soliciting prostitution.  (ECF No. 9 at 11.)  Petitioner has an additional prior misdemeanor conviction under California Penal Code § 288.4 for arranging a meeting with a minor with intent to commit a sexual offense.  (*Id.* at 20.)  He applied for a U-Visa and employment authorization, which were both denied on October 10, 2022.  (*Id.* at 12.)  He told U.S. Immigration and Customs Enforcement ("ICE") that he feared torture or persecution if deported to his native country.  (ECF No. 9 at 12–13.)

ICE arrested Petitioner outside of his home on May 5, 2026, as he was returning from picking up his twelve-year-old daughter from school.  (*Id.* at 28; ECF No. 9 at 11.)  This event caused Petitioner's daughter significant psychological trauma which resulted in her seeking the services of a psychologist.  (ECF No. 1 at 22.)

On June 25, 2026, Petitioner filed the instant action, challenging the lawfulness of his civil detention and seeking immediate release or, in the alternative, a bond hearing.  (ECF No. 1.)

II.   **STANDARD OF LAW**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[2]   These facts are either taken from Respondent's records or are not disputed by the parties.

2

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner challenges his continued detention without notice or a hearing as violating the Fifth Amendment's Due Process Clause.[3]  (*See* ECF No. 1 at 27–31.)  In opposition, Respondent contends Petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").  (*See* ECF No. 9.)

A.    Immigration and Nationality Act

8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022).  The statute affords the Government broad discretion whether to release or detain the individual. *Id.*  It also provides "extensive procedural protections" including several layers of review of the initial custody determination, "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202.  Conversely, § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).  Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied §

---

[3]    Petitioner also asserts claims under the Fourth Amendment, the Administrative Procedure Act and the district court's order in *Garro Pinchi v. Noem*, 813 F. Supp. 3d 973 (N.D. Cal. 2025). (ECF No. 1 at 31–32.)  Because the Court finds that Petitioner is entitled to relief on his due process claim, it need not consider these additional claims.

1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The Court is not persuaded by Respondent's assertion that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2).  Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondent's argument on the applicability of § 1225(b)(2).  *See e.g.*, *Hortua v. Chestnut*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases).  "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country."  *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).  In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of [§] 1225(b)(2)(A); (2) disregards the relationship between [§§] 1225 and 1226; (3) would render a recent amendment to [§] 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice."  *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Respondent puts forth no new arguments or facts justifying reconsideration in this case.  Thus, for the aforementioned reasons and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2).  Petitioner's detention is instead governed by § 1226(a) and due process requires, at a minimum, a bond hearing.

B.    Fifth Amendment Due Process Clause

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law.  *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether

4

their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### i. Liberty Interest

"Freedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). As discussed above, Petitioner has apparently lived in this country for decades and built a life here, including a family with children. (ECF No. 1 at 28.) Petitioner is the main financial support for his family and his separation from them has caused significant hardship for them both. (*Id.*) These professional, personal, and familial ties underscore and strengthen Petitioner's interest in remaining free during the pendency of immigration proceedings.

The Court finds Petitioner has a clear interest in continued freedom protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693.

### ii. Procedures Required

To determine what process is necessary to ensure any deprivation of Petitioner's protected liberty interest accords with the Constitution, the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."[4] *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). As set forth below, these factors support Petitioner's constitutional right to notice and a pre-deprivation hearing.

First, as explained above, Petitioner has a substantial private liberty interest that is unquestionably affected by the government's detention. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe*, 787 F. Supp. 3d at 1094. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

Second, the risk of erroneous deprivation of Petitioner's liberty interest is lowered in light of his criminal history. (*See* ECF No. 9 at 15–27.) "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025). As Petitioner received virtually no procedural safeguards such as a bond or custody redetermination hearing, there is a risk that he is being detained without justification. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the government's interest in detaining Petitioner without notice and a pre-deprivation hearing is low. The effort and cost required to provide Petitioner procedural safeguards are minimal. *See Doe*, 787 F. Supp. 3d at 1094. Notice and custody determination

---

[4] Respondent argues that the *Mathews* framework is inapposite to the due process analysis for immigration detention. (ECF No. 9 at 2 n.1.) For this proposition, Respondent cites *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) and *Rodriguez Diaz*, 53 F.4th 1189. The former is not binding on courts in the Ninth Circuit and the Court declines to adopt the reasoning articulated therein. The latter does not support Respondent's position. In *Rodriguez Diaz*, the Ninth Circuit considered a due process challenge brought by an immigration habeas petitioner and stated that his "claims fail even under the *Mathews* test, which is presumably more favorable to him than the test the government seeks. Thus, we assume without deciding that *Mathews* applies here." *Rodriguez Diaz*, 53 F.4th at 1207. *Rodriguez Diaz* did not hold that the *Mathews* test is inapplicable to immigration detainees like Petitioner. "[I]t is axiomatic that cases are not authority for propositions that are not considered." *Godinez-Flores v. Grounds*, No. 12-2726 JST (PR), 2014 WL 3362189, at *6 (N.D. Cal. July 7, 2014).

hearings are routine processes for Respondent.  Any burden associated with their provision does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds due process requires that Petitioner receive notice and a hearing before a neutral decisionmaker.  Petitoner received neither.  Petitioner's detention thus violates the Fifth Amendment Due Process Clause.

**IV.    CONCLUSION**

For the foregoing reasons, the Court GRANTS the Petition for Writ of Habeas Corpus (ECF No. 1) and DENIES the Motion for Temporary Restraining Order (ECF No. 2) as moot.

1.    Respondent must provide a bond hearing within seven (7) days of this Order where Respondent bears the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk.  The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release.  *Hernandez*, 872 F.3d at 991.  At the hearing, Petitioner shall be allowed to have counsel present.  If Petitioner is not found to be a danger to society or flight risk, Respondent must immediately release Petitioner.  Respondent may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing.

2.    **Respondent must file a notice certifying compliance with this provision of the Court's Order within eight (8) court days from the date of this Order.**

3.    If Petitioner is released pursuant to this Order, Respondent is ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention.  *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

4. If Petitioner is released pursuant to this Order, Respondent is further ENJOINED and RESTRAINED from removing Petitioner to Mexico without first notifying Petitioner of his right to apply for asylum and withholding of deportation to his native country in compliance with due process. *See Andriasian v. Immigr. & Naturalization Servs.*, 180 F.3d 1033, 1041 (9th Cir. 1999).

5. **The Clerk of the Court is directed to serve Golden State Annex Detention Facility with a copy of this Order.**

6. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: July 7, 2026

_____

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

8