UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MONTERO F., Petitioner, v. TONYA ANDREWS, Respondent. | No. 1:26-cv-04901-TLN-AC **ORDER** |

This matter is before the Court on Petitioner's Motion to Appoint Counsel (ECF No. 15) and a Motion to Withdraw as Attorney filed by Petitioner's counsel (ECF No. 19). The motions are unopposed. The Court addresses counsel's motion to withdraw as attorney before turning to Petitioner's motion to appoint counsel.

## I. Motion to Withdraw as Attorney

Withdrawal from representation is governed by Local Rule 182(d), which provides that "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." The rule requires that "[t]he attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." E.D. Cal. L.R. 182(d).

"In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3)

the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua Wine Co. v. Edwin Moldauer*, No. 102CV06599 OWWDLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

The Court finds counsel has complied with the requirements of Local Rule 182(d) and demonstrated good cause exists for withdrawal. Counsel has complied with the notice requirement, consulted with Petitioner prior to filing the motion to withdraw, and sets forth Petitioner's last known address. (ECF No. 19 at 3.)

As for the reason why withdrawal is sought, counsel represents that "an irreconcilable breakdown in communication occurred between Counsel and Petitioner regarding the ongoing scope and direction of legal representation" and that "Petitioner has explicitly and individually requested that Counsel withdraw from further representation in this matter." (*Id.*)

There is no risk that withdrawal would prejudice other litigants, harm the administration or justice, or delay resolution of the case as this matter is closed. The Court entered judgment in this case on July 8, 2026, granting the Petition for Writ of Habeas Corpus and ordering Respondent to provide Petitioner with a bond hearing. (ECF Nos. 22, 23.) The Court accepts counsel's representation that a fundamental breakdown in the attorney-client relationship has occurred, and that Petitioner wishes for her to withdraw.

Accordingly, the Court finds good cause exists to grant counsel's motion to withdraw.

The Court's Order granting the petition for writ of habeas corpus stated that Petitioner shall be allowed to have counsel present at his bond hearing. (ECF No. 11.) It appears from status updates filed by the parties since the entry of judgment in this matter that Petitioner has not yet received a bond hearing partially because of the breakdown in the attorney-client relationship which caused counsel to file the motion to withdraw. (*See* ECF Nos. 13, 17, 20.) If Petitioner requires additional time to secure legal counsel or otherwise prepare for his hearing, he may request a bond hearing when he is prepared to continue.

## II. MOTION TO APPOINT COUNSEL

Petitioner requests that the Court appoint counsel to represent him in immigration court for the bond hearing ordered in this matter. (ECF No. 15.) Given that this case is now closed, the

Court finds that it is not in "the interests of justice" to appoint separate counsel to represent Petitioner at his bond hearing. 18 U.S.C. § 3006A(a)(2)(B); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (explaining that "the district court or magistrate may appoint counsel at *any stage of the case* if the interests of justice require") (emphasis added).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Motion to Appoint Counsel is DENIED. (ECF No. 15.)

2. The Motion to Withdraw as Attorney is GRANTED. (ECF No. 19.)

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE